United States District Court
Southern District of Texas
**ENTERED**
May 18, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN LAWSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-17-3465 |
| | § | |
| NAVIENT, SANTANDER CONSUMER, and | § | |
| UNITED STUDENT AID FUNDS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending and referred by the District Judge is Defendant Santander Consumer USA, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) (Document No. 11) and Defendants Navient Solutions, LLC and United Student Aid Funds, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 12). Having considered those motions, the responses in opposition (Document Nos. 17 & 19), the additional briefing (Document No. 18 & 20), the claims and allegations in Plaintiff's First Amended Complaint (Document No. 9), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Motions to Dismiss (Document Nos. 11 and 12) be GRANTED, but that Plaintiff be allowed to amend his complaint to set forth specific factual allegations in support of his claim(s) under the Fair Credit Reporting Act.

**Background**

Plaintiff Ryan Lawson filed this case asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. According to Lawson, from March 2017 through June 2017, Plaintiff sent letters to several credit reporting agencies (Trans Union LLC, Equifax Information Services, LLC,

and Experian Information Solutions, LLC), disputing information that had been reported/provided by Defendants Navient, Santander Consumer, and United Student Aid Funds about Lawson's "trade lines." Despite those letters and Defendants' knowledge of the disputes, Defendants "failed to conduct a reasonable investigation by failing to notate the information as disputed after being contacted by the Consumer Reporting Agencies," Defendants failed "to conduct a reasonable investigation and consider all relevant information forwarded to them by the consumer reporting agencies," failed to "report the notation of the disputed information to the consumer reporting agencies," provided "information in such a manner on the investigation report to cause a material misleading impression," and failed to "have a procedure to modify the information in their system and report the disputed information with consumer reporting agencies." First Amended Complaint (Document No. 9) at 6, 7, 8, 9. Lawson alleges that Defendants' action and inaction violated 15 U.S.C. § 1681s-2(b)(1)(A) - (E).[1]

---

[1] 15 U.S.C. § 1681s-2(b)(1)(A)-(E) provides:
After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

Defendants have each filed a Motion to Dismiss for Failure to State a Claim (Document Nos. 11 & 12), arguing that Lawson has failed to include *any* factual allegations about the information he claims was incorrectly provided/reported by Defendants, and that Lawson's First Amended Complaint only contains broad, conclusory allegations that "parrot[] back the language of each statutory provision." (Document No. 12 at 3). Lawson, in response to the Motions to Dismiss, argues that his claims are premised on Defendants' failure to notate that the information they provided to credit reporting agencies about him was in "dispute," as is required by 15 U.S.C. § 1681s-2.

**Rule 12(b)(6) Standard of Review**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-

557; *Iqbal,* 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

**Discussion**

The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, imposes obligations on consumer reporting agencies, users of consumer reports, and "entities that furnish information to consumer reporting agencies." *McIntosh v. E-Backgroundchecks.com, Inc.*, Civil Action No. 5:12-310-DCR, 2013 WL 5173725 *2 (E.D. Ky. Sept. 12, 2013). In this case, Lawson seeks to impose liability on Defendants as entities that furnish information to credit reporting agencies.

Entities that furnish information to credit reporting agencies are required to provide accurate information, 15 U.S.C. § 1681s-2(a), and to investigate the accuracy of the information they have provided when they receive that their information is being disputed, 15 U.S.C. § 1681s-2(b). While there is no private cause of action for alleged violations of § 1681s-2(a), there is a private cause of action for violations of § 1681s-2(b). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA.

Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies.") (internal citations and quotations omitted).

To state a Fair Credit Reporting Act claim under 15 U.S.C. § 1681s-2(b) against an entity that furnishes information to credit reporting agencies, a plaintiff such as Lawson must allege that he "initiated a dispute with a credit reporting agency; (2) the credit reporting agency provided [the furnisher of the allegedly inaccurate information] with notice of the dispute; and (3) [the furnisher of the allegedly inaccurate information] failed to take appropriate action regarding the dispute." *Donnelly v. JP Morgan Chase, NA*, Civil Action No. H-13-1376, 2014 WL 429246 * 5 (S.D. Tex. Feb. 4, 2014) (quoting *Zoluaga v. BAC Home Loans Servicing, LP*, No. 4:11-CV-369, 2011 WL 5600377 *6 (E.D. Tex. Nov. 16, 2011)); *see also Conrad v. Barclays Bank Delaware*, Civil Action No. 4:17-CV-1045, 2017 WL 7796344 (S.D. Tex. July 27, 2017) ("In order to state a claim under § 1681s-2(b), Plaintiff would have to plead that she notified consumer reporting agencies of Barclay's inaccurate reporting, the agencies then notified Barclay's of the dispute, and that Barclay's failed to respond to the complaints."). Here, as argued by Defendants, Lawson's allegations are mere legal conclusions that track the statutory language of the Fair Credit Reporting Act. Other than Lawson's allegations that he discovered the information Defendants reported when "he applied for and was denied a residential mortgage," and that he sent dispute letters to three credit reporting agencies, who contacted Defendants, but who then failed to notate that their information was "disputed," there are no particularized factual allegations about the nature of the dispute or Defendants' failure to investigate or respond to the dispute. *Twombly* and *Iqbal* dictate that Lawson's broad, conclusory, and non-particularized allegations be excluded from consideration when determining whether he has stated a claim upon which relief can be granted. *Morlock, LLC*

5

*v. Bank of New York Mellon Trust Co.*, 537 F. App'x 583, (5th Cir. 2013) ("we do not accept as true conclusory allegations, unwarranted factual inferences or legal conclusions") (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

Lawson's response to the Motions to Dismiss makes it clear that his claim is premised, almost exclusively, on Defendants' failure to note or acknowledge that the information they furnished credit reporting agencies was in "dispute." *See* Plaintiff's Response (Document No. 17) at 2 ("Mr. Lawson is entitled to relief under 15 U.S.C. § 1681s-2(b)(1) because [Defendants] failed to notate or flag the information as disputed after being having been contacted by the consumer reporting agencies."). While some courts have allowed claims to proceed under 15 U.S.C. § 1681s-2(b) where an entity furnishing information did not disclose or notate that the information they furnished was "in dispute," the dispute about the information has to be "bona fide" or meritorious. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) ("a furnisher does not report "incomplete or inaccurate" information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b)"); *Fredrickson v. Cannon Fed. Credit Union*, No. CV 16-01012 RB-CG, 2017 WL 6558578, at *4 (D.N.M. Dec. 22, 2017) ("a jury cannot properly find that a furnisher violated § 1681s–2(b) by not reporting a dispute if the dispute is meritless as a matter of law"); *Emmit House v. Credit One Bank*, No. CIV-17-957-R, 2018 WL 1440981, at *3 (W.D. Okla. Mar. 22, 2018) ("To survive dismissal, Plaintiff must plead facts that plausibly establish the bona fide nature of the dispute that Defendant failed to report."); *Bilderback v. Ocwen Loan Servicing, LLC*, No.

6

216CV01954JADVCF, 2017 WL 4079262, at *4 (D. Nev. Sept. 14, 2017) ("because meritless disputes do not need to be reported, Ocwen did not violate the FCRA by failing to report Bilderback's dispute"); *Forgues v. Select Portfolio Servicing*, No. 1:15-CV-1670, 2015 WL 8272596, at *8 (N.D. Ohio Dec. 8, 2015), *aff'd sub nom. Forgues v. Select Portfolio Servicing, Inc.*, 690 F. App'x 896 (6th Cir. 2017) ("If a consumer continues to dispute a debt, a furnisher has an obligation to identify the debt as disputed when furnishing information to the credit reporting agency. However, this obligation is only triggered by a bona fide disputes."). Here, there are no factual allegations in Lawson's First Amended Complaint that would support a determination that the dispute about the information provided by defendants to credit reporting agencies was meritorious or bona fide. In fact, there are no allegations, at all, about the information reported by Defendants, and no allegations, at all, about the nature of Lawson's dispute. Lawson, therefore, whose First Amended Complaint does not contain the type of *factual* allegations required to state a claim under the Fair Credit Reporting Act, has not stated a claim upon which relief may be granted.

As for Defendants' argument that Lawson should not be allowed to amend because he has already done so once and there is no indication that he can correct his pleading deficiencies, that argument ignores the nature of the pleading deficiencies upon which Defendants have themselves relied. Defendants argue that Lawson has not provided any factual allegations about the nature of the "dispute," and has not identified how Defendants' failed to respond to or investigate the dispute. To the extent there was a bona fide or meritorious dispute about the information Defendants provided to credit reporting agencies, Lawson should be able, if he is allowed to amend his pleadings, to provide factual information about the nature of the dispute, and factual information about Defendants' response to the dispute. Allowing an amendment of the pleadings would,

7

therefore, not necessarily be futile, and would not prejudice Defendants. *See e.g., Murphy v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-00555-TLN, 2014 WL 651914, at *8 (E.D. Cal. Feb. 19, 2014) (dismissing plaintiff's Fair Credit Reporting Act claim with leave to amend where plaintiff had not "identified a factual inaccuracy in the information that Defendant reported that would give rise to a bona fide dispute"); *Palouian v. FIA Card Servs.*, No. 13-CV-0293, 2013 WL 1827615, at *4 (E.D. Pa. May 1, 2013) (granting plaintiff "leave to amend his Complaint to properly state a claim under subsection 1681s–2(b) of the FCRA, if he can do so.").

**Conclusion and Recommendation**

Based on the foregoing and the conclusion that Plaintiff's First Amended Complaint does not allege facts that state a plausible claim against any of the Defendants, but that Plaintiff may be able to amend his pleadings to assert sufficient factual allegations in support of a plausible claim, the Magistrate Judge

RECOMMENDS that Defendant Santander Consumer USA, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) (Document No. 11) and Defendants Navient Solutions, LLC and United Student Aid Funds, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 12) both be GRANTED, but that Plaintiff Ryan Lawson be afforded an opportunity to amend his pleadings in an effort to assert factual allegations that would support a claim(s) against Defendants under the Fair Credit Reporting Act.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from

attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 16th day of May, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE